**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4193**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ADAM JOE LOUIS JORDAN, III,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00011-RLV-DSC-1)

———————

Submitted: October 30, 2013     Decided: November 20, 2013

———————

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Thomas Richard Ascik, Amy Elizabeth Ray, Assistant United States Attorneys, Asheville, North Carolina; Dana Owen Washington, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Joe Louis Jordan, III, appeals his conviction following his guilty plea to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2006); using or carrying a firearm during a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) & 2 (2006); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Jordan's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal but questioning whether Jordan was denied effective assistance of counsel in the district court. Jordan was advised of his right to file a pro se supplemental brief, but he did not file one. We affirm.

Jordan's ineffective assistance of counsel claim is not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir 2008). To allow for adequate development of the record, a defendant ordinarily should bring an ineffective assistance claim in a 28 U.S.C.A. § 2255 (West Supp. 2013) motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because we conclude that the record on appeal does not conclusively

2

establish that Jordan's counsel was ineffective, we decline to consider this issue on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jordan, in writing, of his right to petition the Supreme Court of the United States for further review. If Jordan requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jordan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>